PROVOSTY, J.
Plaintiff sues his wife for a divorce on the ground of adultery.
The evidence leaves no doubt of defendant’s guilt, unless the interpretation put upon it by her counsel, in a very ingenious argument — and plausible, too, considering the scantiness of the evidence to build it on — is accepted. The husband requested his mother, who lived one block away, if she saw any one enter his house to let him know; and, when she notified him, at the store where he was clerking, that a young man had entered the house, he at once procured two of his friends to hurry there with him. They peeped through the keyhole, and were satisfied of the defendant’s guilt.
Her learned counsel cannot impugn the good faith of these two witnesses, but says that they were deceived by appearances, and *879 that, these appearances had been brought about by plaintiff’s machination. Plaintiff, he says, was extremely desirous of obtaining a divorce, and, knowing that his wife was in the habit of taking a nap every day at that hour, induced the alleged particeps criminis, a young man 19 years old, who had lived in the house with them, but no longer did so, to go there, while the wife should be asleep, and enter her room, and lock the door inside, and so demean himself as to create an appearance of guilt, while the wife would not know but that the only arms she was in were those of the god of sleep.
That theory receives some color from several minor circumstances, but is utterly destroyed by the fact that the peeping witnesses saw her in different positions, first seated on the edge of the bed, and then lying down, both times in the young man’s embrace.
Judgment affirmed.
O’NIELL, J., dissents.